UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| HOULTON BAND OF MALISEET INDIANS, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) Civil No. 05-180-B-W |
| PATRICIA E. RYAN, EXECUTIVE DIRECTOR MAINE HUMAN RIGHTS COMMISSION, et al., | ) ) ) ) ) ) ) |
| Defendants | ) |

### *RECOMMENDED DECISION ON MOTION TO DISMISS*

The Houlton Band of Maliseet Indians is pressing a two-count complaint against Executive Director of the Maine Human Rights Commission Patricia Ryan, members of the Maine Human Rights Commission, Attorney General Steven Rowe, and Connie Zetts, a former Houlton Band employee. Count One contends that the Maine Human Rights Commission's actions with respect to employee charges of discrimination against Houlton Band interfere with Houlton Band's inherent sovereignty and its federal statutory right of self governance. Count Two asserts that, although the Maine Indian Claims Settlement Act (MICSA) abrogated Houlton Band's sovereign immunity from lawsuits heard in courts, it did not abrogate its sovereign immunity with respect to the Maine Human Rights Commission's out-of-court administrative proceedings.

In a decision on the motion to dismiss filed by the Commission defendants, I recommended that the Court grant that motion to dismiss on the grounds that both counts of Houlton Band's current complaint are barred by the doctrine of claim preclusion given

Judge Brody's decision, <u>Houlton Band of Maliseet Indians v. Maine Human Rights Commission</u>, 960 F.Supp. 449 (D.Me.1997), which concluded that Houlton Band was susceptible to suit under the Maine Human Rights Act in view of the applicable statutory provisions of MICSA and the Maine Implementing Act (MIA).

Proceeding <u>pro se</u> Connie Zetts has also filed a motion to dismiss (Docket No. 15) and the Court has referred her motion to me. In her first pleading Zetts states: "Need to ask Court to dismiss complaint on ground that State succeeds its motion. To dismiss the case against Connie Zetts, defendant." (Zetts Mot. Dismiss at 1.) Houlton Band responded to this pleading with an objection arguing that Zetts's motion had a "profound lack of grounds" and contending that she "fails to offer any reason, even one liberally stated, for why she as a private, non-governmental litigant should be treated in the same fashion as the official state Defendants." (Obj. Mot. Dismiss at 2.) In her reply to Houlton Band's objection Zetts states:

> In <u>Houlton Band of Maliseet Indians v. Maine Human Rights Commission</u>, 960 F. Supp at 454 [] the Court held: "It is indeed clear from the statutory language of the Maine Implementing Act and the Maine Indian Claims Settlement Act that the Band is subject to the civil laws of the State and, therefore, to the jurisdiction of the Maine Human Right[s] Commission for claims of unlawful employment discrimination."
> The Claim of sovereign immunity as a defense to an employment discrimination claim is overcome by 25 U.S.C. 1725(a) due to the fact that it subjects the Houlton Band of Maliseet Indians to the civil and criminal jurisdiction of Maine.

(Reply at 1.)

Zetts does not, and could not, argue that she is entitled to judgment on the same claim preclusion grounds asserted by the Commission defendants; Zetts was not a party to the prior litigation. And Zetts has not articulated an issue preclusion argument.

However, she has cited the 1997 decision as authority for a conclusion that Houlton Band is subject to suit under the Maine Human Rights Act.

In my recommended decision on the Commission motion to dismiss I indicated, "that the legal landscape regarding the statutory language of MICSA and the MIA has not changed appreciably since Judge Brody's decision, which, in my view, was correctly decided then and remains a correct statement of statutory construction today." Houlton Band of Maliseet Indians v. Ryan, Civ. No.. 05-180-B-W, 2006 WL 300406, *9 n.14 (D. Me. Feb. 3, 2006).  See also id. at *8 n.10.  Thus, claim and issue preclusion issues aside, I am of the opinion that Houlton Band is not entitled to injunctive or declaratory relief vis-à-vis Zetts's efforts to sue them under the Maine Human Rights Act.  Accordingly, I recommend that the Court **GRANT** Zetts's motion to dismiss.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 14, 2006.                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge